IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANK NASON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
                                /

No. C 04-2613 SI
No. CR 95-319 SI

**ORDER DENYING 60(b) MOTION AND DENYING MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE**

        Petitioner Frank Nason has filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate the Court's order denying petitioner's § 2255 motion. Petitioner has also filed a motion for disclosure of exculpatory evidence which is related to the Rule 60(b) motion. For the reasons set forth below, the Court DENIES petitioner's motions.

        This Court entered judgment against petitioner on June 6, 2001, and sentenced petitioner to twenty-five years imprisonment. On June 28, 2004, petitioner filed a motion to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255. By order entered August 24, 2005, the Court denied the § 2255 motion on timeliness grounds. The Court rejected petitioner's contention that the one year statute of limitations should be tolled because he did not learn of certain facts supporting his claims until June 2004. Both this Court and the Ninth Circuit Court of Appeals denied petitioner's requests for a certificate of appealability.

        Petitioner has filed the instant motion under Rule 60(b) seeking to set aside the August 24, 2005 order on the ground that there is "newly discovered evidence" that shows that the initial habeas petition was timely. To the extent that petitioner's motion asserts this ground, the Court denies the motion. The "newly discovered evidence" cited by petitioner – a March 9, 2006 Rule 35 motion filed by the

1  government regarding co-defendant Rausini stating that Rausini denied ordering the murder of John
2  Ellenberger – does not contain any new information, nor does it exonerate petitioner in any way.[1]
3  Petitioner's June 2004 § 2255 motion stated that petitioner was aware that Rausini would be filing a
4  motion claiming that Rausini did not solicit Ellenberger's murder. *See* Traverse at 8-9; August 24, 2005
5  Order at 2. Thus, this information contained in the Rule 35 motion is not new, and does not alter the
6  Court's conclusion that petitioner's § 2255 motion was untimely.

7  Petitioner raises a number of other contentions in the Rule 60(b) motion that are actually
8  challenges to his plea and sentence; many of these contentions were advanced in the original § 2255
9  motion. To the extent that petitioner wishes to raise these contentions, petitioner must seek permission
10 from the Ninth Circuit Court of Appeals to file a second or successive § 2255 motion. *See* 28 U.S.C.
11 § 2244(b).

12 For the foregoing reasons, the Court hereby DENIES petitioner's motion to vacate the judgment.
13 The Court also DENIES petitioner's motion for disclosure of exculpatory evidence. (Docket Nos. 1474
14 and 1475 in CR 95-319).

15 **IT IS SO ORDERED.**

Dated: November 29, 2006

_____
SUSAN ILLSTON
United States District Judge

---

[1] The government's Rule 35 motion states that Rausini denied soliciting Ellenberger's murder and instead said the murder was petitioner's idea. *See* Government's Motion to Reduce Sentence After Defendant's Motion to compel Pursuant to FRCP 35(b) at 3.