IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK NASON, | No. C 04-2613 SI |
| Petitioner, | CR 95-319 SI |
| v. | **ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner has filed a request for a certificate of appealability regarding the Court's orders denying petitioner's Rule 60(b) motion and related discovery, and regarding Judge Breyer's order denying petitioner's motion to disqualify the undersigned judge.[1]

The Court denies petitioner's request for a certificate of appealability because petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The background for petitioner's current Rule 60(b) motion is that this Court entered judgment against him on June 6, 2001, and sentenced him to twenty-five years in prison. On June 28, 2004, petitioner filed a 28 U.S.C. § 2255 motion to vacate and set aside his sentence. By order entered August 24, 2005, this Court denied the § 2255 motion on grounds of timeliness. The Court rejected petitioner's contention that the one year statute of limitations should be tolled because he did not learn about certain facts

---

[1] By order filed November 29, 2006, the Court denied petitioner's Rule 60(b) motion for relief from judgment, and by order filed December 6, 2006, the Court denied petitioner's motion for leave to supplement the Rule 60(b) motion. Petitioner then moved to disqualify the undersigned judge; that motion was referred to Judge Breyer. Judge Breyer denied the motion to disqualify by order filed January 12, 2007. Petitioner then filed numerous documents, including two motions to vacate the November 29 and December 6, 2006 orders, and a motion for leave to supplement the Rule 60(b) motion. The Court denied those motions in an order filed February 6, 2007.

supporting his claims until June 2004. Both this Court and the Ninth Circuit Court of Appeals denied petitioner's requests for a certificate of appealability as to this Court's August 24, 2005 order.

Petitioner's Rule 60(b) motion sought to set aside the August 24, 2005 order on the ground that there is "newly discovered evidence" that shows that the initial habeas petition was timely. The "newly discovered evidence" cited by petitioner – a March 9, 2006 Rule 35 motion filed by the government regarding co-defendant Rausini stating that Rausini denied ordering the murder of John Ellenberger – does not contain any new information, nor does it exonerate petitioner in any way. Petitioner also raised a number of other contentions in the Rule 60(b) motion that were actually challenges to his plea and sentence; many of these contentions were advanced in the original § 2255 motion. As the Court informed petitioner in the November 29, 2006 order, to the extent that petitioner wishes to raise these contentions, petitioner must seek permission from the Ninth Circuit Court of Appeals to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2244(b).

The Court also finds that petitioner has not made a substantial showing of a constitutional violation with regard to the denial of the motion for disqualification, and incorporates by reference Judge Breyer's January 12, 2007 order.

Accordingly, for the reasons stated above, the Court DENIES petitioner's request for a certificate of appealability. (Docket No. 1565).

**IT IS SO ORDERED.**

Dated: April 12, 2007

SUSAN ILLSTON
United States District Judge