UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANK NASON,<br><br>Defendant. | Case No. 95-cr-00319-SI-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION FOR PLACEMENT IN A RESIDENTIAL REENTRY CENTER/HALFWAY HOUSE**<br><br>Re: Dkt. No. 1950 |

Defendant Frank Nason has filed a *pro se* motion requesting that the Court issue a non-binding judicial recommendation that Nason be placed in a Residential Reentry Center ("RRC") or halfway house commencing 12 months prior to his release date. In 2001, this Court sentenced defendant pursuant to a plea agreement to 300 months of imprisonment for his convictions for murder, conspiracy to distribute narcotics, and accessory after the fact to murder.[1] According to the Bureau of Prisons Inmate Locate website, Nason's estimated release date is November 15, 2021.

The Court directed the government to file a response to defendant's motion. Dkt. No. 1952. The government filed a response stating that it did not take a position on whether the Court should make the requested recommendation. The government also states that the Bureau of Prisons ("BOP") "has a fuller and more accurate picture of the defendant's rehabilitation efforts while in its custody, and is better equipped to assess the length of time in an RRC that will be best for the defendant." Dkt. No. 1953 at 2.

"The Bureau's authority to determine where prisoners are housed during the final months of

---

[1] This Court's July 21, 2016 Order Denying Amended Motion to Vacate under 28 U.S.C. § 2255 contains a detailed overview of defendant's case and procedural history. Dkt. No. 1932.

their incarceration is governed by 18 U.S.C. § 3624." *United States v. Buckley*, No. 2:13-CR-00125-TLN, 2019 WL 3035554, at *1 (E.D. Cal. July 11, 2019); *see also Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010) (holding that "§ 3624 governs the designation of prisoners to RRCs for the final months of their sentences"). Pursuant to section 3624, the BOP is charged with ensuring that "a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Such conditions may include community correctional facilities, such as RRCs or halfway houses. *Id.*; *see also* 28 C.F.R. § 570.20 (2019) (defining community confinement as "residence in a community treatment center, halfway house,... or other community correctional facility (including residential re-entry centers)). The BOP determines an inmate's placement in a community correctional facility "in a manner consistent with [18 U.S.C.] section 3621(b)." 18 U.S.C. § 3624(c)(1). Section 3621(b) sets forth the factors that the BOP shall consider when designating the place of a prisoner's imprisonment which includes, *inter alia*, "any statement by the court that imposed the sentence -- (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b). A judicial recommendation "has no binding effect" on the BOP's determination regarding a prisoner's placement. *Id*.

Defendant states that release into a halfway house or RRC will help prepare him for reentry to society after a lengthy incarceration. Defendant states that the difficulties he will face upon being released from prison "are exacerbated by the fact that I have spent the last 20 years away from Society" and that a "RRC/Halfway House will help provide me with the opportunity for a better chance for successful release back to Society. It will give me more time to find employment, and reintegrate back into a New world." Dkt. No. 1950 at 3-4. Defendant states that he has diligently prepared for his release by taking substance abuse classes, "mentoring new inmates on the benefits of staying drug free," taking numerous educational classes, and completing several degrees such as a paralegal degree and a 40 hour building trades course. *See generally* Dkt. No. 1950, Ex. A-C.

The Court commends defendant on his efforts in rehabilitating himself. It appears that

2

defendant's request is motivated by a desire to reintegrate into society as a positively contributing and law-abiding member. The Court also finds that placement in a halfway house or RRC for the final 12 months of defendant's sentence will help prepare defendant for reentry into the community. Accordingly, the Court hereby GRANTS defendant's motion and recommends that the BOP place defendant in an appropriate pre-release placement for the maximum time for which he is eligible, not to exceed 12 months.

**IT IS SO ORDERED**.

Dated: August 9, 2019

_____
SUSAN ILLSTON
United States District Judge