United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

FRANK NASON,

Defendant.

Case No. 95-cr-00319-SI-1

**ORDER DENYING DEFENDANT FRANK NASON'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE; RECOMMENDATION TO BUREAU OF PRISONS**

Re: Dkt. Nos. 1969, 1970, 1975

In 2001, this Court sentenced defendant Frank Nason pursuant to a plea agreement to 300 months for his convictions for murder, conspiracy to distribute narcotics, and accessory after the fact to murder. Nason is currently incarcerated at FCI Lompoc,[1] and his projected release date is May 28, 2021, with a Home Confinement Eligibility Date ("HCED") of November 28, 2020.[2]

Defendant has filed a *pro se* motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the

[1] Defendant states that he is at the "3rd most infected institution according to BOP statistics." Dkt. No. 1969. According to the Bureau of Prisons COVID-19 webpage, as of April 28, 2020, Lompoc USP had confirmed that 70 inmates and 15 staff had tested positive, with 1 inmate death, and Lompoc FCI – where defendant is housed – had reported 22 inmates and 10 staff had tested positive, with no deaths. *See* bop.gov/coronavirus/. According to the website, FCI Lompoc has the 10th most reported infections of the listed institutions.

[2] Defendant states that his release date is May 28, 2020, but the government has submitted a printout from the publicly-accessible Bureau of Prisons inmate locator website which shows defendant's release date is May 28, 2021. Dkt. No. 1972, Ex. 1.

> factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id*. Defendant requests compassionate release because the pandemic is creating problems preventing the federal prison system from being able to shield inmates from the virus and treat inmates if a large number become infected. Defendant requests that the Court order his immediate release into home confinement.

The government objects on several grounds, and requests that the Court defer any decision relating to home confinement to the BOP. The government also states that this Court may make a non-binding recommendation to BOP as to home confinement. Dkt. No. 1972 at 5.

The Court has carefully considered the parties' arguments and the record in this case and concludes that the Court must deny defendant's request because defendant has not exhausted his administrative remedies as required by the statute. *See United States v. Eberhart*, No. 13-CR-00313 PJH, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *United States v. Robinson*, No. 18-CR-00597 RS, Dkt. No. 29 (N.D. Cal. Mar. 24, 2020); *see also United States v. Raia*, __ F.3d __, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); *see generally United States v. Holden*, 3:13-cr-00444-BR, 2020 WL 1673440, at *4-10 (D. Or. Apr. 6, 2020) (analyzing administrative exhaustion requirement of First Step Act and case law and concluding "the administrative-exhaustion provision of the FSA is mandatory; it is a statutorily-created exhaustion provision rather than a judicially-created provision; and the FSA does not include 'its own textual exception' to the exhaustion provision"). Here, the government states that defendant has not filed a request with the warden (Dkt. No. 1972 at 7), and defendant does not dispute that assertion. The Court also concludes that it does not have the authority to waive the administrative exhaustion requirement. *See Holden*, 2020 WL at *4-10.

The Court does find it appropriate to recommend to BOP that it place defendant in home confinement. The Court is concerned that the number of reported infections at FCI Lompoc is

increasing. The record reflects that defendant has worked hard to rehabilitate himself. *See generally* Dkt. No. 1950, Ex. A-C. Further, the Court is aware that defendant has a grandmother and her residence may be a suitable location for home confinement.

As defendant is *pro se*, the Court directs the government to serve a copy of this Recommendation on the BOP.

**IT IS SO ORDERED**.

Dated: April 29, 2020

_____
SUSAN ILLSTON
United States District Judge